UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            Case No.  3:07-cr-296-J-33JRK

WILLIAM JOE HORNE
_____/

**ORDER**

This cause is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. # 394), filed April 29, 2008, recommending denial of Horne's amended motion to dismiss (Doc. # 329).  Defendant Horne has timely filed objections to several factual findings and legal conclusions made by the Magistrate Judge in the Report and Recommendation.  (Doc. # 404.) The government has not filed a response.

**I. Background**

On November 7, 2007, a federal indictment was issued against Defendant William Joe Horne and a number of co-defendants for conspiracy to manufacture and distribute methamphetamine. (Doc. # 1, at 1-2.)  Horne was apprehended by federal and state law enforcement officers, including Deputy U.S. Marshals, on November 15, 2007, and transported to the St. Johns County Detention Center, a state facility.  (Doc. # 357, at 24.)  Upon arrival, the Marshals informed the intake deputy that Horne had been arrested on a federal warrant, but they did not have a copy of the warrant. (Doc.

# 357, at 28.) However, because Horne was wanted on a state warrant for petit theft, he was booked on the outstanding state warrant (Doc. # 357, at 113-14), and later that morning an official federal detainer was lodged. (Doc. # 357, at 34.) Also on the morning of November 15, 2007, Horne was brought in front of a St. Johns County Judge, who found probable cause to hold him. (Doc. # 394, at 7.) Horne remained in state custody until December 26, 2007, at which time he pleaded guilty to his state charge, and was sentenced to time served. The next day, December 27, Horne was turned over to federal custody per the detainer, and had his initial appearance in this Court.

**II. Standard of Review**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, LLC, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); Davis v. Apfel, 93 F. Supp. 2d 1313, 1316–17 (M.D. Fla. 2000). This requires that the district judge "give fresh consideration to those issues to which specific objection has been

made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, at 3 (1976), reprinted in 1976 U.S.C.C.A.N. 6162, 6163).

For those issues that have not been specifically objected to, there is no requirement that a district judge review factual findings de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, the Court reviews such issues for clear error. Liberty Am., 199 F. Supp. 2d at 1276. The court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**III. Discussion**

The Court overrules each of Horne's objections and accepts the Report and recommendation in full. Horne first objects to the phrasing of the Report's first paragraph, arguing that it incorrectly implies he asked for leave to file a supplemental memorandum, when his contention is that the court granted leave sua sponte. The controverted portion of the Report and Recommendation states: "At the evidentiary hearing, Defendant orally moved to supplement the Motion and was granted leave to file a supplemental memorandum in support thereof." (Doc. # 394, at 1.) Horne admits that after the court granted leave, he later moved to extend the Court-imposed filing deadline, although he eventually chose not to

file. Horne's theory is that because he did not specifically ask for leave to file a written motion, the time limits of the Speedy Trial Act should not be affected. This argument is without merit. The Report and Recommendation correctly shows that Horne orally asked to file supplemental material. (Doc. # 361, at 3, ¶ 20.) The Court did grant Horne leave, which later was extended at Horne's instance. Accordingly, Horne's objection is overruled.

Horne's second objection relies on his contention that his initial appearance on the current charge was on November 15, 2007, in the St. John's County Detention Center. Horne argues that because his time spent in jail was after a proper federal appearance, his speedy trial time has been adding up ever since. According to the St. Johns County Detention Center First Appearance Form (Doc. # 341, at No. 13), Horne did indeed appear before the county judge on his federal charge and was denied bail. Even so, Horne finds no relief. The Speedy Trial Act specifically states that the seventy day time period begins at "the date the defendant has appeared before a judicial officer <u>of the court in which such charge is pending</u>...." 18 U.S.C. § 3161(c)(1) (emphasis added). Even though the county judge addressed the federal charge during Horne's appearance, the county judge is not "a judicial officer of the court in which such charge is pending." <u>Id.</u>

Horne's third argument is that the Speedy Trial Act should be read in the light most favorable to the criminal defendant;

otherwise, it would not make sense.  Both Horne and the United States cite the same case for their opposing positions.  <u>United States v. Shahryar</u>, states that the Speedy Trial Act is "intended to mandate an orderly and expeditious procedure for federal criminal prosecutions by fixing specific mechanical time limits within which the various progressions in the prosecution must occur."  719 F.2d 1522, 1523-1524 (11th Cir. 1983).  Those mechanical time limits are expressly set forth in the Act itself, 18 U.S.C. § 3161(c)(1), which states that the seventy-day limit begins either at "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  The law is clear under the Speedy Trial Act and <u>Shahryar</u>.  The clock began ticking under the Speedy Trial Act when Horne was brought before the Magistrate Judge -- December 27, 2007. Thus, the Court overrules this objection.

In Horne's fourth objection, he argues that the Report and Recommendation (Doc. # 394, at 12-14) fails to give due weight to each of the four factors that in Horne's opinion, must be considered by the court to determine if Rule 5 was violated. This argument must fail. In <u>United States v. Brown</u>, the court states that "In determining whether a delay is unnecessary, various factors such as . . . [factors listed] . . . are considered."  459

-5-

F.2d 319, 324 (5th Cir. 1972). The factors cited in Brown are meant as a general guide to focus a court's analysis on a range of facts. That is precisely what the Magistrate Judge did in his Report and Recommendation. Thus, for the reasons cited above, Horne's objections are overruled.

The Court is also unmoved by Horne's assertions of improper government tactics, and his disapproval of the Magistrate Judge's legal conclusions. On this latter point, Horne specifically identifies "the cases cited by the court in the last unnumbered paragraph commencing on the bottom of page 13 which carry over to the top of page 14," and "the O'Bryant [775 F.2d 528 (11th Cir. 1985)] and Wilkerson [170 F.3d 1040 (11th Cir. 1999)] cases . . . ." Horne provides no support or legal authority for any of his assertions of improper government conduct. Nor does he attempt to distinguish O'Bryant or Wilkerson, argue they are taken out of context, or argue that they fail to support the Magistrate Judge's conclusion. The Court thus overrules this objection.

Horne's next objection is that the Report and Recommendation mischaracterized his argument by stating that the clock did not start when a defendant "should have been brought before a judicial officer." There is no support for this proposition, and this objection is overruled.

Alternatively, Horne argues that the Speedy Trial Act time period should have begun running at the time of the indictment

-6-

rather than the federal appearance because "18 USC 3161 relies in good faith that Rule 5's 'without unnecessary delay' mandate will be complied with . . . ." As previously stated, 18 U.S.C. § 3161 is very clear that the later of two instances, either the indictment or federal appearance, will start the running of the Speedy Trial Act time period. Horne's argument that the Act operates otherwise is inconsistent with the plain wording of the Act and his objection is overruled.

Lastly, Horne's suggested tables of non-excludable delay from the Speedy Trial Act is also without merit. Although Horne argues that time should not be excluded for the instant motion because it has been ripe to rule on, 18 U.S.C. § 3161(h) states that the excludable time is based on the "period of delay" and not on ripeness.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the Magistrate Judge and adopts it as the Court's opinion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Court accepts the Magistrate Judge's Report and Recommendation (Doc. # 394) and adopts it as the Court's opinion. Horne's objections are OVERRULED.

**DONE AND ORDERED** at Jacksonville, Florida, this <u>22nd</u> day of

July 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record